UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FLOYD DAVID MORRIS,

    Plaintiff,

v.                                                                           Case No: 6:17-cv-1861-Orl-TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## OPINION AND ORDER[1]

Plaintiff brings this action pursuant to the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of Defendant, the Commissioner of the Social Security Administration denying his claim for a period of disability and Disability Insurance Benefits. After due consideration, the Commissioner's final decision is **REVERSED and this case is remanded**.

## Background[2]

On February 11, 2014, Plaintiff protectively filed an application for Disability Insurance Benefits alleging disability commencing on August 16, 2010, later amended to April 17, 2013, due to back pain, high blood pressure, migraine headaches, "lung problem," "kidney problem," and depression (Tr. 24, 124, 276-84, 293, 339). His claims were denied initially and on reconsideration and Plaintiff requested and received a hearing before an administrative law judge ("ALJ") (Tr. 181-87, 189-97, 40-75, 198-99). On November 29, 2016, the ALJ found Plaintiff not disabled and issued an unfavorable

---

[1] The parties have consented to the jurisdiction of the United States Magistrate Judge.
[2] The information in this section comes from the parties' joint memorandum (Doc. 21).

decision (Tr. 21-39). On August 25, 2017, the Appeals Council denied Plaintiff's request for review (Tr. 1-3). Accordingly, the ALJ's decision became the Commissioner's final decision. This appeal timely followed (Doc. 1).

## The ALJ's Decision

When determining whether an individual is disabled, the ALJ must follow the five-step sequential evaluation process established by the Commissioner and published in 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4). Specifically, the ALJ must determine whether the claimant (1) is currently employed; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. See Phillips v. Barnhart, 357 F.3d 1232, 1237-1240 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987); Phillips, 357 F.3d at 1241 n.10.

Here, the ALJ performed the required five-step sequential analysis. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the period from his alleged onset date of April 17, 2013, through his date last insured of December 31, 2015 (Tr. 26). At step two, the ALJ determined that Plaintiff had the severe impairments of: degenerative disc disease, diabetes mellitus, obesity, and migraines (20 CFR 404.1520(c)) (Tr. 26). At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (Tr. 27). Next, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to:

> Perform sedentary work as defined in 20 CFR 404.1567(a) except he was able to occasionally climb [ ] but never climb ladders, ropes, or scaffolds; frequently balance; occasionally stoop, kneel, crouch, and crawl; occasionally reach overhead with the bilateral upper extremities; unable to tolerate exposure to extreme cold; frequently but not constantly able to handle, finger, and feel; able to understand, remember, and carry out simple and routine work related instructions and concentrate for periods of two hours on work related tasks before requiring a break; and required the use of a cane to ambulate to and from, and move about the work space.

(Tr. 28).

At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work (Tr. 31).[3] After applying the Medical-Vocational Guidelines as a framework for decision making and considering a vocational expert's testimony, Plaintiff's age, education, work experience, and RFC, the ALJ found, at step five, that Plaintiff could perform a significant number of jobs in the national economy (Tr. 31-32), and was therefore not under a disability at any time from the alleged onset date through the date last insured (Tr. 32).

## Standard of Review

The scope of the Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the ALJ's findings are supported by substantial evidence. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). Findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla but less than a preponderance. It is such relevant evidence that a reasonable person would accept as adequate to support a

---

[3] Plaintiff was forty-seven years old on his date last insured (Tr. 125, 276, 293). He is a high school graduate, served in the military from March 4, 1987 to July 16, 1993, and has past work experience as a construction worker and furniture mover (Tr. 338, 274, 68, 340, 348-57, 425).

- 3 -

conclusion." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted).

When the Commissioner's decision is supported by substantial evidence the district court will affirm even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The district court "may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" Id. "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (*per curiam*); accord Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine the reasonableness of the factual findings).

## Discussion

Plaintiff contends that the Commissioner failed to properly consider his Veterans Affairs disability rating of 100 percent and overlooked the opinion of examining doctor Sangeeta P. Duggal, M.D.

### VA rating

Plaintiff served in the United States Navy from 1987-1993 (Tr. 964). He testified that the VA assigned him a 100% disability rating due to his headaches, depressive disorder, mental conditions, radiculopathy of the bilateral lower extremity, residuals of herniated nucleus pulpous, status post-surgery, and hypothyroidism (Tr. 67; Doc. 21 at 14). The ALJ considered Plaintiff's statement but gave the VA rating decision "only partial weight because the VA applies different disability standards, and VA medical records reflect that the claimant would be capable of performing sedentary work as he has good

extremity strength, able to ambulate effectively, and able to sit without difficulty (Exhibits B7F, B8F, B10F, and B12F)." (Tr. 30). Plaintiff contends that this was error because the ALJ's analysis was cursory and the scant reasoning provided is not supported by substantial evidence. The Commissioner argues that the record does not contain a disability rating and it is unclear if one even exists (Doc. 21 at 17-18). Even if the rating does exist, the Commissioner argues that it is not binding here and the ALJ adequately considered it and gave reasons supported by substantial evidence.

A VA determination that a claimant is disabled is not a medical opinion from a treating source or an acceptable source and is not entitled to controlling weight or special consideration on that basis. See 20 C.F.R. §§ 404.1502 (defining treating source); 404.1513(a) (defining acceptable medical sources); see also SSR 06-03p, 2006 WL 2329939 (S.S.A.) ("only 'acceptable medical sources' can give us medical opinions" and "only 'acceptable medical sources' can be considered treating sources ... whose medical opinions may be entitled to controlling weight.").[4] Still, while not binding, a disability rating from the VA is evidence that should ordinarily be afforded great weight by the ALJ. See Olson v. Schweiker, 663 F.2d 593, 597 n.4 (5th Cir. 1981); see also Rodriguez v. Schweiker, 640 F.2d 682, 686 (5th Cir. Unit A Mar.1981).[5] If the ALJ declines to give a VA disability rating great weight, the ALJ "should state the reasons for doing so in order to allow a reasoned review by the courts." Carbonell v. Comm'r Soc. Sec., Case No. 6:11-

---

[4] Since rescinded, SSR 06-03p was in effect for claims filed prior to March 27, 2017, including Plaintiff's claim. See Rescission of Social Security Rulings 96-2p, 96-5p, and 06-3p, 82 Fed. Reg. 15,263-01 (Mar. 27, 2017).

[5] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

cv-400-Orl-22DAB, 2012 WL 1946070, at *5 (M.D. Fla. May 11, 2012), report and recommendation adopted, No. 6:11-CV-400-ORL-22, 2012 WL 1946072 (M.D. Fla. May 30, 2012); Bailey v. Comm'r Soc. Sec., No. 6:15-cv-1415-Orl-TBS, 2016 WL 6123367 at *3 (M.D Fla. Oct. 20, 2016); see also Cronin v. Comm'r Soc. Sec., No. 6:10-cv-1765-Orl-DAB, 2012 WL 3984703, at *6 (M.D. Fla. Sept. 11, 1012).

The administrative record does not contain a paper purporting to be a combined VA disability rating decision for Plaintiff. Instead, the administrative record includes what appears to be an Ebenefits printout from the VA website of a table of rated disabilities in various percentages (Tr. 294-95).[6] The ALJ specifically referenced this computer printout (Exhibit B11D) in his decision (Tr. 30) and treated the printout as a VA rating decision. Because the record does not contain a formal VA decision, the Commissioner contends that the ALJ could not address the VA's rationale for this rating in any more detail and therefore did not err. The Commissioner argues: "it is unclear if a VA disability even exists." (Doc. 21 at 18). While this argument has surface appeal, the evidence is not so one-sided.

The Commissioner states that none of the treatment records reflect that Plaintiff was disabled or had received a disability rating. This is true. There are, however, numerous notations in Plaintiff's VA records to "Aid & Attendance (verified)" and receipt of a "non service connected pension" in the amount of $1,400. (See, e.g., Tr. 2764, 2602, 2603, 2604, 2788). As Plaintiff was under the age of 65, his eligibility for a non service connected pension could only be through disability. See U.S. Dep't of Veterans Affairs, "Pension Eligibility Requirements," https://www.benefits.va.gov/pension/ (last visited

---

[6] This paper does not have Plaintiff's name on it and there is no indication of a combined disability rating or any effective date.

August 1, 2018). And, while it is Plaintiff's responsibility to submit evidence of a VA disability decision, the ALJ directed Plaintiff to "go to 'My Healthy Vet' and pull down a copy of the decision." (Tr. 430). It appears the Plaintiff did so (Tr. 294-95), and the ALJ specifically referenced the computer printout (Exhibit B11D) in his decision (Tr. 30). To the extent the Commissioner asserts that the printout rating was not formal or specific enough, the Court finds the evidence (which includes Plaintiff's testimony as to his rating) sufficient to put the Commissioner on notice that the VA has made a disability rating of some sort pertaining to Plaintiff and to warrant additional development or clarification of the record.

Next, the Commissioner argues that, by referencing the computer printout, the ALJ fully and properly considered the VA disability rating, and the absence of a formal VA disability decision and rationale doesn't matter. The Court cannot agree. The printout lists various impairments under the heading "Disability," including, among other impairments, a 50% rating for depressive disorder, a 10% rating for headaches and a 10% rating for hypothyroidism (Tr. 295). Depression and headaches (and, to some extent, hypothyroidism) are non-exertional impairments. Yet, the ALJ discounted the VA decision, based, in part, on a finding as to Plaintiff's *exertional* capacity (Tr. 30 - "The undersigned gives this decision only partial weight because the VA applies different disability standards, and VA medical records reflect that the claimant would be capable of performing sedentary work as he has good extremity strength, able to ambulate effectively, and able to sit without difficulty."). The ALJ's reasoning does not provide a basis for discounting Plaintiff's rating with respect to his non-exertional impairments, especially where, as here, the ALJ found Plaintiff's migraine impairment to be severe at step two. The sole remaining basis articulated by the ALJ is that the VA applies different

disability standards. This alone is not enough to discredit a 100% disability rating. See Hogard v. Sullivan, 733 F. Supp. 1465, 1468-69 (M.D. Fla. 1990) (perfunctory rejection of VA's 100% disability rating as based on different criteria from Social Security determination does not comply with proper legal standard).

Given the great weight normally accorded to VA disability ratings and the importance of this evidence to Plaintiff's claim, the Court finds that the evidentiary gaps regarding the VA rating and the ALJ's analysis compels remand for further record development and findings on this issue. While the ALJ may ultimately reach the same conclusion with respect to the weight to be given the rating, he must do so by application of the correct legal standard.

Plaintiff's Remaining Argument

Plaintiff argues that the ALJ erred by failing to discuss and weigh Dr. Duggal's opinion (Tr. 1120). The Commissioner concedes the error,[7] but claims it is harmless. Because remand is required on the issue of the ALJ's treatment of the VA's disability rating and the Commissioner concedes the error, Dr. Duggal's opinion should be considered on remand and evaluated consistent with the appropriate legal standard.

Conclusion

Now, it is ORDERED that:

(1) The Commissioner's final decision is **REVERSED AND REMANDED** for further

---

[7] The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. Winschel, 631 F.3d at 1178-79 (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987)). When evaluating a physician's opinion, an ALJ considers numerous factors, including whether the physician examined the claimant, whether the physician treated the claimant, the evidence the physician presents to support his or her opinion, whether the physician's opinion is consistent with the record as a whole, and the physician's specialty. See 20 C.F.R. §§ 404.1527(c), 416.927(c).

proceedings consistent with the findings in this Order.

(2) The Clerk is directed to enter judgment and **CLOSE** the file.

(3) Plaintiff is advised that the deadline to file a motion for attorney's fees pursuant to 42 U.S.C. § 406(b) shall be thirty (30) days after Plaintiff receives notice from the Social Security Administration of the amount of past due benefits awarded.

(4) Plaintiff is directed that upon receipt of such notice, he shall promptly email Mr. Rudy and the OGC attorney who prepared the Commissioner's brief to advise that the notice has been received.

**DONE** and **ORDERED** in Orlando, Florida on August 17, 2018.

*[signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record