UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FLOYD DAVID MORRIS,

    Plaintiff,

v.                                                Case No:   6:17-cv-1861-Orl-TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## ORDER

The matter is before the Court on Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412 ("the EAJA") (Doc. 24). Plaintiff seeks an award of attorney's fees in the amount of $5,628.34 and reimbursement of $49.11 in litigation expenses. Defendant, the Commissioner of Social Security, opposes the motion, in part (Doc. 25). On review, the motion is **GRANTED,** in part, and otherwise **DENIED.**

Under the EAJA, a claimant is eligible for an attorney fee award where: (1) the claimant is the prevailing party in a non-tort suit involving the United States; (2) the government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million when the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust. 28 U.S.C. § 2412(d). The fee award must also be reasonable. Schoenfeld v. Berryhill, No. 8:17-CV-407-T-AAS, 2018 WL 5634000, at *1 (M.D. Fla. Oct. 31, 2018), citing 28 U.S.C. § 2412(d)(2)(A).

On August 17, 2018, the Court entered a final order reversing and remanding this case back to Defendant for further proceedings, pursuant to 42 U.S.C. § 405(g) (Doc. 22).

The Clerk entered judgment on August 20, 2018 (Doc. 23). Plaintiff timely filed this application on November 19, 2018.

Plaintiff asserts that he is the prevailing party; the Commissioner's position in the underlying action was not substantially justified; and his net worth when the case the proceeding was filed was less than two million dollars. The Commissioner does not contest Plaintiff's entitlement to fees under the EAJA but argues the fees requested are based on an unreasonable hourly rate, improperly include clerical tasks, and include compensation for hours not reasonably spent.

In calculating a reasonable fee in this context, the Court applies the traditional lodestar analysis, albeit with the recognition that EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C.A. § 2412(d)(2)(A); see generally, Wood v. Comm'r of Soc. Sec., No. 2:15-CV-437-FTM-29CM, 2017 WL 2298190, at *1 (M.D. Fla. May 26, 2017). A reasonable attorney fee is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The party seeking an award of fees should submit adequate documentation of hours and rates in support. Id. Reasonable fees do not include excessive, unnecessary, and redundant hours. Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1301-02 (11th Cir. 1988). A "reasonable hourly rate" is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299.

Plaintiff seeks an award of $5,628.34 for 48.9 hours of representation (Doc. 24 at

4-5, 6; Doc. 24-1). Of those hours, 37.6 hours were logged by five attorneys, four of whom are not members of the Bar of this Court (Doc. 24 at 4-5; Doc. 24-2; Doc. 24-3; Doc. 24-4; Doc. 24-5; Doc. 24-6). Plaintiff also seeks fees for 11.3 hours of time logged by five paralegals (Doc. 24 at 5-6; Doc. 24-7; Doc. 24-8; Doc. 24-9; Doc. 24-10; Doc. 24-10; Doc. 24-11). Plaintiff claims the following rates and charges:

| Professional | Hours | Hourly Rate | Total |
|---|---|---|---|
| Attorney Suzanne Harris | 1.1 hours | $198.49 | $218.34 |
| Attorney Howard D. Olinsky (non-admitted attorney) | 3.0 | $125.00 | $375.00 |
| Attorney Katie Tastrom (non-admitted attorney) | 1.0 | $125.00 | $125.00 |
| Attorney Matthew McGarry (non-admitted attorney) | 29.2 | $125.00 | $3,650.00 |
| Attorney Edward A. Wicklund (non-admitted attorney) | 3.3 | $125.00 | $412.50 |
| Paralegal Michelle Callahan | 0.9 | $75.00 | $67.50 |
| Paralegal Moira Deutch | 6.7 | $75.00 | $502.50 |
| Paralegal Kyrsten Gifford | 0.8 | $75.00 | $60.00 |
| Paralegal Jonnah Graser | 2.4 | $75.00 | $180.00 |
| Paralegal Shannon Persse | 0.5 | $75.00 | $37.50 |

On review of the chart, and the ledger itemizing the hours spent (Doc. 24-1), the Court finds the number of hours to be excessive and the rates charged to be unreasonable in the context of litigating this standard social security benefit denial case.

*Rates for Timekeepers*

Howard Olinsky, Katie Tastrom, Matthew McGarry, and Edward Wicklund are not members of the bar of this Court and have not been admitted *pro hac vice*. Consistent with the decisions in other cases throughout this district, the Court applies a paralegal rate to services of non-admitted attorneys in cases where, as here, admission was never sought. See, e.g., Wood, 2017 WL 2298190, at *2; Duffield v. Colvin, No. 3:15-cv-1065-MCR, 2016 WL 6037306, at *2 (M.D. Fla. Oct. 14, 2016) ("The Court agrees with Defendant that as out-of-state attorneys who are not members of the Bar of this Court and have not sought permission to appear pro hac vice in this case, Mr. Olinsky and Mr. Eaglin should be compensated at the prevailing paralegal rate."); Bumgardner v. Comm'r of Soc. Sec., No. 6:12-cv18-Orl-31TBS, 2014 WL 5426538, at *3-4 (M.D. Fla. Oct. 22, 2014) (attorney not admitted to practice in district should be compensated as paralegal); Riggins v. Astrue, No. 3:09-cv-00856-TEM, 2011 WL 2119338, at *2-3 (M.D. Fla. May 27, 2011) (out-of-state attorneys who had not been granted permission to serve as attorneys in case were not entitled to compensation as attorneys, but to a fee appropriate for paralegals). In an unpublished opinion, the Eleventh Circuit found this approach to be within the court's discretion. Zech v. Comm'r of Soc. Sec., 680 F. App'x 858, 860 (11th Cir. 2017) ("The district court did not abuse its discretion by compensating Olinsky and Eaglin at the paralegal hourly rate.").

The reasonable hourly rate of a paralegal for social security appeals in this district is $75.00 per hour. Schoenfeld, 2018 WL 5634000, at *1 (reducing the hourly rate for

attorneys Howard D. Olinsky, Edward A. Wicklund, Marisa Burkett, and Michelle Fecio to $75.00 per hour).[1] The itemization of hours submitted with Plaintiff's EAJA motion indicates Mr. Olinsky contributed 3.0 hours of work on Plaintiff's case, Ms. Tastrom 1.0 hours, Mr. McGarry 29.2 hours, and Mr. Wicklund 3.3 hours (Doc. 24 at 6; Doc. 24-3; Doc. 24-4; Doc. 24-5; Doc. 24-6). To the extent these hours are compensable (see below), they are compensable at the rate of $75.00 per hour, and not the rate claimed by Plaintiff.

The rate charged for the services of attorney Suzanne Harris, a member of the bar of this Court, is consistent with the EAJA cap, adjusted for the cost of living. The Commissioner has raised no objection to that rate, and the Court finds it to be appropriate.

*Number of Hours is Excessive*

Plaintiff seeks compensation for the work of ten professionals in a case that required no discovery, no pretrial motions, and no trial or evidentiary hearing. With so many cooks in the kitchen, it is not surprising that the timesheets reflect duplication and inefficiency. See, for example, time entries of November 3 and November 7, 2017 (three professionals billing for preparation of the summons) (Doc. 24-1 at 2), and time entries dated January 26, 2018, March 19th and 20th, and March 22, 2018 (four professionals working on brief). The overstaffing has resulted in overbilling. "If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are 'excessive, redundant, or otherwise unnecessary.'" Am. Civil Liberties Union of Georgia v. Barnes, 168 F.3d 423,

---

[1] This the rate claimed by Plaintiff for work performed by the paralegals in this case.

428 (11th Cir. 1999). The Court deducts three hours of paralegal time and two hours of non-admitted attorney time for instances of duplicative or otherwise unnecessary work. As the rate is the same for both paralegals and non-admitted counsel, the Court deducts $375.00 from the application (5 hours at $75).

Plaintiff is not entitled to reimbursement for the performance of purely clerical tasks. "[A]n attorney is not entitled to compensation under the EAJA for work which could have been done by support staff." Kelley v. Astrue, No. 3:09-CV-881-J-MCR, 2010 WL 4366365, at *2 (M.D. Fla. Oct. 28, 2010), quoting Weaver v. Astrue, No. 3:07-cv-16-JWC, 2008 WL 1805381, at *1 (E.D.Ark. Apr.17, 2008) (preparation of status or transmittal letters is clerical task). Courts in this district have previously found that many of the tasks included in the ledger here are not compensable in the EAJA context. See, e.g. Wood, 2017 WL 2298190, at *3 (finding 'Federal Court forms packet prepared for Client completion, mailed via USPS,' 'FDC prospect packet returned via Right Signature/Reviewed for completion,' and 'Download, File and Save Transcript, OCR and live bookmark' to be non-compensable clerical tasks, and reducing compensable time for 'Ready EAJA Narrative, Time Slips, Exhibits, Certificate. File Per Local Rule' because "the entry includes clerical tasks");[2] Garverick v. Comm'r of Soc. Sec., No. 2:15-cv-385-CM, 2017 WL 1838483, at *3 (M.D. Fla. May 8, 2017) (denying reimbursement for time spent reviewing standing orders and Related Case Order and Track One Notice, finding filing of a memorandum is clerical and not compensable as attorney's fees). As itemized in the Commissioner's response, the Court deducts 7.5 hours of paralegal time, .3 hours

---

[2] Wood involved the same counsel and many of the same clerical tasks claimed here.

of attorney time, and .9 hours of time performed by unadmitted counsel, for such clerical tasks, for a total deduction of $689.54 (8.4 hours at $75 and .3 hours at $198.49).

Plaintiff claims 2.9 hours for preparation of the EAJA petition. In an EAJA context, the Supreme Court has found "fees for fee litigation should be excluded to the extent that the applicant ultimately fails to prevail in such litigation." Comm'r, I.N.S. v. Jean, 496 U.S. 154, 163 n.10 (1990). Because the Commissioner's objections to the fee application are well taken, the Court excludes the time spent on preparing the application seeking the excessive fee, as non-compensable. As the time was spent by a paralegal and Mr. Olinsky, billing at the same rate, the Court deducts $217.50 (2.9 hours at $75).

With the above reductions in rates and time, the Court finds a reasonable fee under the EAJA to be **$4,346.30.** Plaintiff claims expenses in the total amount of **$49.11** (Doc. 24-13) and the Commissioner does not object. The Court will allow the expenses.

Plaintiff has attached a copy of his assignment of EAJA fees to his counsel (Doc. 24-12). In light of the assignment, Plaintiff states if the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt that is subject to offset, the government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel. Any agreement between the parties as to payment of this judgment is outside the purview of the Court. See Astrue v. Ratliff, 560 U.S. 586, 130 S. Ct. 2521, 177 L.Ed.2d 91 (2010) (EAJA attorney's fees are awarded to prevailing party, not to the prevailing party's attorney). The parties may make whatever collection arrangements that they wish to, but the Court will not order the government to reimburse counsel directly.

The motion is **GRANTED, in part and DENIED, in part.** Plaintiff is entitled to an award of **$4,346.30** in EAJA fees, and **$49.11** as expenses. The Clerk shall enter judgment accordingly.

**DONE** and **ORDERED** in Orlando, Florida on December 7, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record